# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3571

_____

Muwakkil Khaliah Roby, also known    *
as Frank Andrew Roby,    *
   *    Appeal from the United States
         Appellant,    *    District Court for the
   *    Western District of Missouri.
     v.    *
   *    [UNPUBLISHED]
George Williams; Cheri Moyer,    *
   *
         Appellees.    *

_____

Submitted: January 5, 2009
Filed: January 16, 2009

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Former detainee Muwakkil Khaliah Roby appeals following the district court's[1] entry of judgment on an adverse jury verdict in his action brought under 42 U.S.C. § 1983 and the Americans with Disabilities Act.[2]

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

[2]Roby does not challenge the grant of summary judgment to Cheri Moyer. See Griffith v. City of Des Moines, 387 F.3d 733, 739 (8th Cir. 2004) (waiver of claims on appeal).

To the extent Roby has properly raised any issues for our review, <u>see</u> Fed. R. App. P. 28(a) (brief requirements), his assertions of error fail.  He does not explain how, absent certain purported errors, the jury would have reached a verdict in his favor, <u>see</u> <u>Primary Care Investors, Seven, Inc. v. PHP Healthcare Corp.</u>, 986 F.2d 1208, 1212 (8th Cir. 1993) (noting that unargued assertion of error is no more helpful to appellate court than is unsupported allegation of fact to trial court); some of the identified errors are based merely on speculation; and it is impossible to review some specified issues without a trial transcript, which he failed to order, <u>see</u> Fed. R. App. P. 10(b)(1) (discussing appellant's duty to order transcript within 10 days after filing notice of appeal); <u>cf.</u> <u>Schmid v. United Bhd. of Carpenters & Joiners</u>, 827 F.2d 384, 385-86 (8th Cir. 1987) (per curiam) (where pro se appellant did not order trial transcript, this court could not review claims of judicial bias, or challenges to evidentiary rulings or sufficiency of evidence).  Further, we find no abuse of discretion in the district court's denial of Roby's vague request for appointed counsel. <u>See</u> <u>Stevens v. Redwing</u>, 146 F.3d 538, 546 (8th Cir. 1998) (standard of review; listing factors).  The remaining issues Roby identifies warrant no further discussion.

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.  We also deny Roby's motion for appointment of appellate counsel.

_____